UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

PRO SE PRISONER CIVIL RIGHTS COMPLAINT

FILED
2011 JAN 10 P 12:45
U.S. DISTRICT COURT
CONN

WARNING: You cannot use this form to ask the Court to release you from prison, to shorten your sentence, or to give you back good time credits that were taken away. If that is what you want, you must use the forms for a writ of habeas corpus.

CASE NO. 311CV0050 RNC

PLAINTIFF(S) (Write the name(s) of the person(s) complaining)

DERRICK R. SPENCER

vs.

DEFENDANT(S) (Write the name(s) of the person(s) you are suing. If you do not know a name, write "John Doe" or "Jane Doe." Include the defendant's rank or title and place of employment if you know it.)

KENNY (NURSE) GARNER C.I

JOHN DOE (LIEUTENANT SUPERVISOR) GARNER C.I

MR. BYERS (C.O) GARNER C.I

MR. KLAUS (C.O) GARNER C.I

JOHN DOE (C.O) U CONN MEDICAL

JOHN DOE (LIEUTENANT SUPERVISOR) U CONN MEDICAL

DEPARTMENT OF CORRECTION (STATE OF CONNECTICUT)

**Complete every section and SIGN THE LAST PAGE. The Court cannot give you legal advice, so if you need help, you should call Inmate Legal Assistance at 1-800-[illegible]-ILAP (4527). It is a good idea to ask ILAP to review your complaint before you send it to the Court, to make sure that your allegations describe the kind of claim that you can make in federal court and minimize the risk that your case will be dismissed for failure to state a good legal claim.**

## A. JURISDICTION

**Because federal courts cannot hear every kind of claim, you must identify the law that says this court can hear your claim. There are two possibilities. Check one.**

I can bring my complaint in federal court because I am suing:

1. ✓ State, county or city employees for violating my federal rights under 42 U.S.C. Sec. 1983/1985/1986; OR

2. ________ Federal employees for violating my federal rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. Sec. 1331.

## B. PLAINTIFF(S) (THE PERSON(S) FILING THIS COMPLAINT)

**If there are more than two plaintiffs, attach additional pages. Provide items a, b, and c for each additional plaintiff.**

1. First Plaintiff
   - a. Full Name: DERRICK ROBERT SPENCER
   - b. Inmate Number: 326062
   - c. Correctional facility: GARNER C.I

2. Second Plaintiff
   - a. Full Name:
   - b. Inmate Number:
   - c. Correctional facility:

**C. DEFENDANT(S)** (THE PERSON(S) WHOSE ACTIONS YOU ARE COMPLAINING ABOUT)

**If you are suing more than six people, attach additional pages. Provide items 1, 2, and 3 for each additional defendant.**

1. First Defendant
   a. Full Name: KENNY
   b. Rank or Title: NURSE
   c. Workplace: GARNER C.I
2. Second Defendant
   a. Full Name: JOHN DOE
   b. Rank or Title: LIEUTENANT (SHIFT SUPERVISOR)
   c. Workplace: GARNER C.I
3. Third Defendant
   a. Full Name: MR. BYERS
   b. Rank or Title: CORRECTION OFFICER
   c. Workplace: GARNER C.I
4. Fourth Defendant
   a. Full Name: MR. KLAUS
   b. Rank or Title: CORRECTION OFFICER
   c. Workplace: GARNER C.I
5. Fifth Defendant
   a. Full Name: JOHN DOE
   b. Rank or Title: CORRECTION OFFICER
   c. Workplace: UCONN MEDICAL
6. Sixth Defendant
   a. Full Name: JOHN DOE
   b. Rank or Title: LIEUTENANT (SHIFT SUPERVISOR)
   c. Workplace: UCONN MEDICAL

## D. PREVIOUS LAWSUITS RELATED TO THIS CASE

**Tell the Court if any plaintiff has filed other state or federal lawsuits involving these defendants or events. If you need more space, attach additional pages. Provide items a-d for each case.**

1. First Lawsuit

    a. Court and Date filed:

    b. Caption and Docket No.:

    c. Briefly, what was this lawsuit about?

    d. Did you win or lose? If you lost, did you appeal? If you appealed, what did the appeals court say?

2. Second Lawsuit

    a. Court and Date filed:

    b. Caption and Docket No.:

    c. Briefly, what was this lawsuit about?

    d. Did you win or lose? If you lost, did you appeal? If you appealed, what did the appeals court say?

3. Third Lawsuit

    a. Court and Date filed:

    b. Caption and Docket No.:

    c. Briefly, what was this lawsuit about?

    d. Did you win or lose? If you lost, did you appeal? If you appealed, what did the appeals court say?

## E. OTHER LAWSUITS


Provide items a-d for each case.

1. First Lawsuit

    a. Court and Date filed:

    b. Caption and Docket No.:

    c. Briefly, what was this lawsuit about?

    d. Did you win or lose? If you lost, did you appeal? If you appealed, what did the appeals court say?

2. Second Lawsuit

    a. Court and Date filed:

    b. Caption and Docket No.:

    c. Briefly, what was this lawsuit about?

    d. Did you win or lose? If you lost, did you appeal? If you appealed, what did the appeals court say?

3. Third Lawsuit

    a. Court and Date filed:

    b. Caption and Docket No.:

    c. Briefly, what was this lawsuit about?

    d. Did you win or lose? If you lost, did you appeal? If you appealed, what did the appeals court say?

136-11158

# Inmate Administrative Remedy Form

**Connecticut Department of Correction**

CN 9602
REV 1/31/09

136-11-045

Facility/Unit: GARNER C.I / CHARLIE BLOCK Date: 11.3.10

Inmate name: SPENCER, DERRICK R. Inmate number: 326062

RECEIVED NOV 16 2010 GRIEVANCE COORDINATOR

**SECTION 1 SELECT ADMINISTRATIVE REMEDY A, B or C BELOW.**

Follow the instructions *(for property claims, complete form CN 9609, Lost/Damaged Property Investigation Form and deposit in the 'Administrative Remedies' box).*

A. [X] **I am filing a Grievance.**
Prior to filing a grievance, you must attempt informal resolution. Attach a copy of CN 9601, Inmate Request Form with the staff member's response OR state in Section 4 the reason why the form is not attached. Grievances must be filed within 30 days of the occurrence or discovery of the cause of the grievance. > Refer to Section 2 below

B. [ ] **I am requesting a Health Services Review:** [ ] Diagnosis/Treatment > [ ] All Other Health Care Issues > Complete Section 4 >>>>

C. [ ] **I am filing an Appeal of a (select one below):**
Appeals must be filed within 15 days of notification of a decision.
- [ ] Disciplinary Action > Complete Section 3 below
- [ ] Special Management Decision
- [ ] Media Review Committee Decision
- [ ] Security Risk Group Designation
- [ ] Determination of Grievance Process Abuse
- [ ] Classification Decision >
- [ ] Furlough Decision >
- [ ] ADA Decision >
- [ ] Rejection of Outside Tapes/CDs >

Complete Section 4 >>>>

**SECTION 2 OTHER REQUIREMENTS FOR USING THE INMATE ADMINISTRATIVE REMEDY PROCEDURE**

Read and comply with the instructions below, then complete Section 4 (State the Problem) on the reverse side. >>>

- Only one request for an administrative remedy must be submitted on this form.
- The request for an administrative remedy and the action sought should be stated simply and coherently.
- The length of this request for an administrative remedy shall be restricted to the space available in Section 4 and one (1) additional 8 1/2 x 11 inch page.
- This request for an administrative remedy must be free of obscene or vulgar language or content.
- This request for an administrative remedy must be filed by the inmate who is personally affected by the subject of the request and shall not be filed by an inmate on behalf of another.
- A repetitive request for administrative remedy may not be filed by the same inmate when a final response has been provided and there has been no change in any circumstances that would affect the response; or when the initial request for an administrative remedy is still in process.

**SECTION 3 DISCIPLINARY SECTION – Complete this Section for a Disciplinary Appeal ONLY**

You may file a Disciplinary Appeal **ONLY** if you have pleaded not guilty and have been found guilty at a disciplinary hearing. If so, complete this section; then complete Section 4 (State the Problem) on the reverse side. >>>

Offense: Report date:

Facility where hearing was conducted: Date of hearing:

Did you have an advocate? [ ] yes [ ] no If yes, name of advocate:

Did you identify witness(es) to the investigator? [ ] yes [ ] no Did your witness(es) testify? [ ] yes [ ] no

Name(s) of any witness(es):

## F. REASON FOR COMPLAINT

**WARNING: Common mistakes can get your case dismissed as frivolous or for failure to state a good legal claim. If this happens, you will still have to pay the filing fee, even if you are proceeding in forma pauperis. To avoid losing your filing fee, please read this information carefully and consult Inmate Legal Assistance at 1-800-301-ILAP (4527) before you file.**

1. **Failure to use the prison grievance process before suing.** You can generally only sue for events that you have already complained about through the prison grievance process. If you have not followed all the steps in the grievance process before you come to court, the defendants may be able to get your case dismissed for "failure to exhaust administrative remedies." If your case is dismissed, you will lose your filing fee.

2. **Complaining about incidents that happened a long time ago.** You can generally only sue for events that happened within the last three years. If you are suing over events that happened earlier than that, the defendants may be able to get your case dismissed under the statute of limitations. If your case is dismissed, you will lose your filing fee.

3. **Suing people who were not personally involved.** You can generally only sue defendants who were directly involved in harming you. In order to sue a supervisor, you must usually show that the supervisor both knew about the actions of other defendants and failed to stop them. Just being a supervisor usually is not enough.

4. **Suing defendants who have immunity to suit for money damages.** You generally cannot sue the following people and entities for money damages: the State of Connecticut; agencies of the state (like the Department of Correction); the United States government; the President of the United States (for actions taken while President); judges (for actions taken in connection with judicial duties); parole board officers (for actions taken in imposing parole conditions or revoking parole); prosecutors (for actions taken in performing duties integral to the criminal judicial process). If you think you have a claim for money damages against such people or entities, check with Inmate Legal Assistance first, or your case may be dismissed on the basis of immunity and you will lose your filing fee.

5. **Complaining about a criminal conviction or prison disciplinary**

proceeding that resulted in loss of good time credits or other change to your time in prison. If winning your claims "would necessarily imply the invalidity" of a criminal conviction or prison disciplinary punishment affecting the time served, then you cannot make these claims under Section 1983 unless you have already had the conviction or prison disciplinary proceeding invalidated, for example through a habeas proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Please note that this is not a complete list of the problems you might encounter with your case. The Court cannot give you legal **advice and will not appoint a lawyer for you until it is clear that you have a good legal claim.** Until then, your best strategy is to call the Inmate Legal Assistance Program at 1-800-301-ILAP before you file a complaint. **If Inmate Legal Assistance says you do not have a good case, you should consider that advice very seriously.**

You do not need to cite to the Constitution, any statutes, or any cases. However, it is important to be specific about dates, times, **and the names of the people involved.** It is helpful to put each important fact in a separate, numbered paragraph.

If you do not know the name of the person who harmed you, call that person Defendant Doe and provide some information from which it will be possible to identify the person – for example, gender, rank and shift. If there is more than one defendant whose name you do not know, call them Defendant Doe1, Defendant Doe2, and so on.

**Here is an example of the proper way to describe your claims:**

Example of Statement of Case

1. On April 1, 2007, I fell and injured my foot during a basketball game with other prisoners.
2. After the game, I asked Defendant CO Brian Smith to let me see the nurse. Defendant CO Brian Smith told me that I could not see the nurse because it was not an emergency.
3. During the afternoon, my foot became swollen and very painful.
4. At about 5 p.m., in the presence of my cellmate, Bill Bloggs, I told Defendant Lieutenant Jane Doe, who was the shift supervisor, that I needed a doctor and showed him my swollen foot.
5. Defendant Lieutenant Jane Doe brought me two Tylenol and told me that I could not see the nurse until sick call the next morning.
6. The next day, I could not get out of bed because my foot was so swollen and painful. I had to go to hospital and have an operation to fix my foot.
7. I had to take pain medication for two months after the operation and have needed a walking stick for support since that time.

Now describe your claims.

Statement of Case

1. ON 10.10.10, ABOUT 4:30PM, I FELL DOWN THE SLIPPERY STEEL STEPS WHILE HOLDING MY TRAY FULL OF FOOD AND JUICE AT DINNER CHOW.

2. WHEN I FELL, INSTEAD OF CALLING A MEDICAL CODE IMMEDIATELY, THE NURSE (KENNY) TOLD C.O BYERS TO WAIT WHILE HE TRY TO GET ME UP.

3. WHEN NURSE KENNY GRABBED MY ARM AND TRIED TO HELP ME UP, I CRIED OUT IN PAIN AND TOLD HIM THAT MY BACK, RIBS (ON THE RIGHT SIDE), NECK AND HEAD HURT.

4. WHEN C.O BYERS SEEN THAT I WAS'NT RESPONDING TO NURSE KENNY'S DEMANDS THAT I GET UP, C.O BYERS THEN CALLED IN A MEDICAL CODE.

5. NUMEROUS C.O'S AND MEDICAL STAFF RESPONDED. WHEN THE C.O'S SAW ME LYING THERE IN PAIN INSTEAD OF GETTING A STRETCHER AS SUGGESTED BY NURSE KENNY, THEY MAN-HANDLED ME UP THE STAIRS,

6. THEY WHEELCHAIR ME TO THE MEDICAL OFFICE WHERE NURSE KENNY TOOK MY VITAL SIGNS. THE C.O SHIFT SUPERVISING LIEUTENANT (JOHN DOE) ASKED NURSE KENNY, "HOW BAD IS HE?"

7. NURSE KENNY TOLD THE C.O SHIFT SUPERVISING LIEUTENANT TO CALL ME AN AMBULANCE AND TAKE ME TO DANBURY HOSPITAL. THE C.O LIEUTENANT REFUSED SAYING, "CHAIN HIM UP AND TAKE HIM IN THE VAN TO UCONN."

8. C.O BYERS AND C.O KLAUS TOOK ME (BENT-OVER) IN THE VAN ON A HIGH SPEED, BUMPY TRIP TO UCONN WHERE THEY WERE REPRIMANDED BY THE EVENING C.O SHIFT LT. (JOHN DOE) FOR NOT BRINGING ME BY AMBULANCE TO A CLOSER HOSPITAL. THIS WAS AFTER C.O (JOHN DOE) CALLED HIM TO ASSESS THE SITUATION.

9. ALTHOUGH THE TEST FOR BROKEN BONES CAME BACK NEGITIVE, THE DOCTOR (ANDERSON) SAID THAT I'VE SEVERLY BRUISED MY BACK AND RIBS.

10. I HAVE CONTINUOUS PAIN AND BACK SPASMS, MIGRAIN HEADACHES DESPITE MUSCLE RELAXERS AND PAIN MEDICATION THAT I AM STILL TAKING.

If you need more space, attach additional pages, but be as brief as possible.

12.10.10

To Whom It May Concern,

I Derrick R. Spencer, on 10.10.10 fell down the steel-steps in C-Block. The Doctor at UConn diagnosed me as having bruised my head, neck, back and ribs (ON THE RIGHT-SIDE).

At first, Dr. Castro prescribed me FLEX-ER-ALL, a muscle relaxer, for the back and neck pain, but stopped that treatment plan due to complications (DIZZINESS, AND NURSE BETH TELLING ME THAT I HAD TO USE THE STAIRS TO RECEIVE MY MEDICATION, INSTEAD OF BRINGING IT TO ME AS STIPULATED BY THE DR. CASTRO)

Since then I've not been allowed any Tylenol or Moltrin, and Dr. Castro says that the medication for pain relief (ALL) will mess with my blood prescription to thinning my blood as a side-effect.

The result is that I'm left with a constant pain and even more painful episodes from back-spasm's. I'm afraid to apply pressure to the right side of my body even though the spasms happen at different intervals. This has left me with constant anxiety, and I am emotionally exhusted.

Earlier this week and today I was told that medical wants to see me.

If Dr. Castro can't come us with a treatment plan to relief my physical pain, is he calling me to only re-interate this point like how he has done on three seperate occasions?

I am really starting to stress. This situation has me on pin's and needle's

Sincerely Your's

SERRICK R. SPENCER #326062

DATE 10.10.10

TIME 4:30 PM

LOCATION GARNER C.I / CHARLIE BLOCK: TOP OF STAIRS

NAME SPENCER, DERRICK R.

INCIDENT I Derrick Spencer, fell from the middle-Top of the stairs down half a flight to the lower landing.

I held my tray in my left hand and held a cup of juice in my right hand. The steel Stairs has a railing, but with my hands filled, when I slipped on the slick steel stairs I had nothing to break my fall.

I remember going down the stairs. I don't remember when inmate Richardson said, "it's unsafe. People are always spilling their juice and food. And that make the stairs slippery." All I remember is the nurse named Kenny asking me, "Are you alright? Can you get up?" C.O. Byers said, "I'm going to call the code." Kenny said, "

wait. Spencer can you get up?"
My mind was in a fog (MEANING; MY VISION WAS BLURRY AND THE VOICES SOUNDED LIKE THEY WERE COMING FROM AFAR).

I tried to get up but felt a searing, excruciating pain that ran from my lower back up to my ribs (ON THE RIGHT SIDE). My Neck felt like; stiff from when you sleep wrong. And the back of my head was throbbing. My right leg was folded under me, and the bone in my left arm hurt. I cried out in pain. I could not get up. C.O. Byers then called a medical code.

Numerous C.O's and medical staff came. The C.O's tried to pick me up. It felt like they were doing more harm than good. They took no apprehension to my pain. I heard someone say, "We got to get him out of here. He's holding up chow-feeding!" I told them," give me time to catch my breath. I'll help you to help me up." That's when in the back ground I could hear the C.O's telling fat-jokes and poking fun at my weight.

Kenny the nurse kept on asking, "Where does it hurt." I answered, "My ribs and back. Damn, my neck and head hurt." Kenny said, "Did you hit your head?" I said, "I think so." I honestly couldn't remember. All I know was that I was in pain.

I felt like passing out. They tried to put me in a wheel chair, but my back stiffened up on me and so, I slipped out the wheel chair and landed on the floor.

The place was spinning. I was being wheeled down the hall. All I can remember is laughter and singing "My NECK, MY BACK. (A POPULAR DANCE SONG). I was in so much pain. The CO's were singing.

They (KENNY AND C.O'S, OTHER NURSES) brought me into the doctor's office and laid me on the table. The movement from the chair to the table felt like a painful-trip. I had to beg C.O SWAN TO be less aggressive the way how he was man-handling me.

Whatever C.O was in charge asked Kenny, "how bad is it?" Kenny said, "I don't know. He needs an ambulance." The C.O said in a high-pitch voice, "An ambulance!" Kenny said, "yes. He needs

tests. He's on Coomaden. He could have internal bleeding. He might have broken something. It was quite a fall. The ambulance will have a stretcher." THE C.O. SAID, "A stretcher!" Kenny said, "Yes, he might have broken bones. The stretcher will stablize and prevent further injuries." The C.O. said, "NO. Well take him to UCONN. Put his shirt on so we can chain him up." Kenny said, "but the ambulance will take him to a nearer hospital were he can receive treatment faster." "NO. WERE CHAINING HIM UP AND DRIVING TO UCONN."

C.O BYERS had me hunched over in a awkward position, laying side ways on the seat in the van while he seem to hit every pot-hole the highway had. I rode in pain that was non-stop to the hospital... I could'nt even sleep it off. I remember screaming out in pain after we bounced into the air and landed as he seem to be trying to break the speed-record. The trip of pain seem to last forever. I cried and pleaded with C.O. Byers not to drive that way. While we were at the hospital I found out, he drove that way because he did'nt want to do a double-shift. HE SAID, "As long as we're back by 12:30, SPENCER I WON'T

be mad." He wanted the rest of the night off so in the morning he could go to the YMCA AND play basketball.

When we got to the hospital, the CO's did'nt know how they were going to get me out the van without it hurting. The C.O at UCONN called his supervisor to come help assess the situation.

When the supervisor came down to the loading dock he said, "You ~~sh~~ should have brought him in a Ambulance. This is ridiculous! Take him back to... where are you from?" CO. Byers said, "Garner C.I." THE LT said, "Damn, you should have called a ~~amb~~ ambulance and brought him some where closer. Go back and do the right thing." CO. Byers said, "I only do what they tell me. I'll get him in the chair you just help hold him up."

After about ten minutes, I finally could help put myself in the chair. The C.O (NOT LT.) kept on apologizing to me, "I know you're in pain. I can only imagine how that ride to ~~hear w~~ here was for you." They wheeled me into a room where they took off my clothes and put me in a stretcher bed.

While waiting to take/get X-RAYS I complained about my back pain, but the nurse said, "You'll have to wait for an okay from DR. Anderson after ~~my~~ YOUR X-ray

and head ~~in~~ injury are assesst by machine." Then and only then will she say that it's okay ~~to~~ for me to eat, drink and get pain medication. This went on for hours until all procedures were completed.

Later Dr. Anderson told me that, I bruised my back, Ribs, and neck. There were no signs of internal bleeding. She'll give me something for the pain. Stay off my feet! When I asked her about the tightness of pain on my back, she told me that, the pain medication should take it away. I thanked her. The two C.O's from Garner (C.O. BYERS + CO. KLASS ???) had my clothes ready for me to put on.

The trip to the jail was worse than the one going to the hospital! (NO SLEEP, JUST BUMPS). When we arrived back at Garner, we all thought that I would have to go to IPM for a day. Instead they wheeled me back to my cell. My Cell-mate did me a favor and made up my bed (PUT SHEETS ON).

The next day 10.11.10, I could hardly move when the spasm's hit. My whole body felt like I had to lay flat. After breakfast I did'nt want to make the pain come back as often as it was doing. I complained and received Moltrin, and Promises that 10.12.10, I would see the

doctor. I tried to move around, but was unable to do so pain-free.

The next day I met the same challanges. I could'nt sit up to receive my breakfast. I was bed-ridden all day (DURING AND PASS LUNCH). At four thirty I got dinner. The nurse named Kenny told me that after he finishes his lunch 12:00-1:00 PM, that he would take me to see the doctor so I could receive some proper pain medication. By then, it felt as if someone had hit me with a bat.

Today is the 13TH (10.13.10). Kenny never showed. Late last night, nurse Ginger told me that today the 13TH I would see the doctor. She gave me more mottrin. *IT DID'NT HELP!

I asked my cell-mate to bring my tray and juice down the stairs for me at breakfast. I thought that I was moving fast, but inmate's at the table I eat at commented at how slow I was moving. I was in pain and could'nt laugh (WHOLEBODILY) at how silly one of the guys was acting.

After breakfast I made it back to my cell. I have difficulty putting on, and taking off my clothes. I went to bed. At

8:15 C.O SECELLO pops my door and tells me to go to medical. At medical I told the doctor how C/O BOYLE brought me my property, and how it hurt when I bent over to pick up my t.v.. I had to call my cell-mate to come give me some help. He took out of the bin my ~~bad~~ bag of books and some other property.

When the doctor asked me to bend over, I could'nt. I was too tight. He prescribe some FLEXERALL. He told me to stay off my feet. Take the medication 3x aday. FOR 2 WEEKS. My food and medications are to be brought to me.

To whom it may concern, I'm stuck in the cell twenty-four hours aday. My back has a throbbing on-off pain, then sear pain lasting about two minutes at a time before it dissapates.

I am getting no physical therapy. My day to day activity of just getting dress is not normal. It's a whole production scene.

The stairs are still slippery. The State needs to put down some rubber mats fitted to accommodate walking





traffic. Today, just this morning another inmate fell. Those stairs are dangerous. I dread the day when I will have to go down them again, tray and juice in hand.

Your's Truly

DERRICK SPENCER

DEFENDANT(S) THE PERSON(S) WHOSE ACTIONS YOU ARE COMPLAINING ABOUT

1. FIRST DEFENDANT
   A. FULL NAME: KENNY
   B. RANK OR TITLE: NURSE (MALE)
   C. WORKPLACE: GARNER C.I / C-BLOCK

2. SECOND DEFENDANT
   A. FULL NAME: JOHN DOE (MALE)
   B. RANK OR TITLE: LIEUTENANT (SHIFT SUPERVISOR)
   C. WORKPLACE: GARNER C.I

3. THIRD DEFENDANT
   A. FULL NAME: MR. BYERS
   B. RANK OR TITLE: CORRECTION OFFICER (MALE)
   C. WORKPLACE: GARNER C.I / C-BLOCK

4. FOURTH DEFENDANT
   A. FULL NAME: MR. KLAUS
   B. RANK OR TITLE: CORRECTION OFFICER (MALE)
   C. WORKPLACE: GARNER C.I

5. FIFTH DEFENDANT
   A. FULL NAME: JOHN DOE
   B. RANK OR TITLE: CORRECTION OFFICER (MALE)
   C. WORKPLACE: UCONN MEDICAL CENTER

6. SIXTH DEFENDANT C. WORKPLACE: UCONN MEDICAL
   A. FULL NAME: JOHN DOE (MALE)
   B. RANK OR TITLE: LIEUTENANT (SHIFT SUPERVISOR)

(7) DEPARTMENT OF CORRECTION (STATE OF CONNECTICUT)

G. **REQUEST FOR RELIEF**

Tell the court what kind of relief you want. Remember: (1) You can only get money damages for mental or emotional injury if you were also physically injured; (2) Money damages may be reduced to pay restitution to victims of your crime and fees for a court-appointed attorney, if you had one; (3) You cannot use a Section 1983 or Bivens action to request release from custody, a reduction in your sentence, or a restoration of good time credits. For any of these, you must pursue a writ of habeas corpus.

ONE M, TWO HUNDRED, FIFTY THOUSAND DOLLARS $1,250,000. (1,250,000.) FOR PAIN AND SUFFERING, PLUS EMOTIONAL, AND FUTURE MEDICAL FEES. I HAVE TO BEAR WITH THE PAIN BECAUSE I'M ON BLOOD THINNING MEDS.

H. **Do you wish to have a jury trial? Yes** ✓ **No**______

I. **DECLARATION UNDER PENALTY OF PERJURY**

Warning: You must sign this or your complaint will not be filed.

By signing this complaint, I certify under penalty of perjury that the information contained in this complaint is true and accurate to the best of my knowledge. I understand that if I lie in this complaint, I may be prosecuted for perjury, and punished with as much as five (5) years in prison and/or a fine of $250,000. See 18 U.S.C. Sections 1621, 3571.

Signature: [signature]

Signed at GARNER C.I (Location) on 12/3/10 (Date)

If there are additional plaintiffs, attach another page with the name and signature of each plaintiff on it. The complaint cannot be filed without a signature from each plaintiff.

## J. FINAL INSTRUCTIONS

**WARNING: Your complaint will not be filed unless you complete each of these steps:**

1. Sign the Declaration under Penalty of Perjury on p. 8

2. Enclose a check for $350 (payable to "Clerk, United States District Court") **OR** a completed Application to Proceed In Forma Pauperis

3. Enclose **one** copy of the complaint for the Clerk's Office. You do not need to send a copy for each defendant.

4. Send the complaint plus either your application for IFP status or your check for $350 (payable to "Clerk, United States District Court") to one of the addresses below:

   - CLERK'S OFFICE, UNITED STATES DISTRICT COURT, 915 LAFAYETTE BOULEVARD, BRIDGEPORT, CT 06604.

   - CLERK'S OFFICE, UNITED STATES DISTRICT COURT, 450 MAIN ST, HARTFORD, CT 06103

   - CLERK'S OFFICE, UNITED STATES DISTRICT COURT, 141 CHURCH ST, NEW HAVEN, CT 06510

**Remember, the Clerk cannot file your complaint unless you take all of the steps above.**