UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

DERRICK R. SPENCER,
    Plaintiff,

v.                              CASE NO. 3:11-cv-50 (RNC)

NURSE KENNY, ET AL.,
    Defendants.

## RULING AND ORDER

In accordance with the initial review order, the plaintiff has filed an amended complaint identifying the John Doe Lieutenant as Lieutenant Egan. The plaintiff has also corrected the spelling of defendant Correctional Officer Christopher Byars. The plaintiff reasserts Eighth Amendment claims of deliberate indifference to medical needs and failure to provide safe conditions of confinement against defendants Byars and Egan.

Under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), the court must dismiss any portion the amended complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* The plaintiff seeks monetary relief from the defendants, but does not specify whether he is suing them in their official or individual capacities or both.

To the extent the plaintiff is suing the defendants in their official capacities, any claims for money damages are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159,

169 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (section 1983 does not override a state's Eleventh Amendment immunity).  The claims for monetary damages against defendants Egan and Byars in their official capacities are accordingly dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Accepting the allegations against defendants Byars and Egan as true, the amended complaint alleges plausible claims for damages under section 1983 for violations of the Eighth Amendment.  The case will proceed as to these claims for damages against defendants Byars and Egan in their individual capacities.

### Orders

In accordance with the foregoing analysis, the court enters the following orders:

(1)  All claims in the amended complaint against defendants Egan and Byars for monetary damages in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).  The Eighth Amendment claims in the amended complaint against defendants Egan and Byars in their individual capacities shall proceed.

(2)  Within **fourteen (14) business days of this Order, the**

**Pro Se Prisoner Litigation Office shall** ascertain from the Department of Correction Office of Legal Affairs the current work addresses for defendants Christopher Byars and Lieutenant Egan and mail a copy of the amended complaint and a waiver of service of process request packet to each defendant in his or her individual capacity at his or her current work address.  On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report to the court on the status of all waiver requests.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)  **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the second amended complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(4)  **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(5)  **Defendants shall** file their response to the amended complaint, either an answer or motion to dismiss, within **sixty (60)** days from the date of this order.  If the defendants choose

to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

(6)  Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **six months (180 days)** from the date of this order.  Discovery requests need not be filed with the court.

(7)  All motions for summary judgment shall be filed within **seven months (210 days)** from the date of this order.

(8)  Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within **twenty-one (21)** days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion may be granted absent objection for good cause shown.

**SO ORDERED** at Hartford, Connecticut this 5th day of October 2012.

/s/
Robert N. Chatigny
United States District Judge