UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SPENCER                          :

V.                               :    CASE NO. 3:11CV50(RNC)

KENNY, et al.                    :

**RULING AND ORDER**

On January 7, 2013, the defendants filed a motion to dismiss this action for failure to state a claim on which relief may be granted (ECF No. 19).  Plaintiff has not responded to the motion or requested an extension of time, although he has been given the notice required by Local Rule 12(A).  For the reasons that follow, the motion to dismiss is granted in part and denied in part.

Plaintiff, a Connecticut inmate proceeding pro se, brings this case under 42 U.S.C. § 1983 claiming that defendants Egan and Byars violated his Eighth Amendment right to be free from cruel and unusual punishment following a slip-and-fall incident at Garner Correctional Institution on October 10, 2010, which allegedly resulted in a painful injury to the plaintiff's back.  The amended complaint has been construed as attempting to allege that defendant Egan showed deliberate indifference to a serious medical need by ordering that the plaintiff be taken by van to John Dempsey

Hospital rather than Danbury Hospital, which was closer to Garner.  With regard to defendant Byars, the amended complaint has been construed as attempting to allege wanton and unnecessary infliction of pain based on the manner in which Byars drove the van to the hospital.  The amended complaint alleges that Byars drove the van in an "exceedingly fast and reckless" manner, "hitting every bump and pothole"; that the plaintiff pleaded with him to slow down because the "jolting and bouncing" was causing the plaintiff "extreme pain"; and that he ignored the plaintiff's pleas and continued to drive recklessly because he wanted to get off work as soon as possible that night.

The defendants argue that the allegations of the complaint, accepted as true for purposes of their motion to dismiss, are insufficient to allege a violation of the Eighth Amendment because (1) there are no allegations that the defendants' conduct caused or risked sufficiently harmful effects, and (2) the allegations do not show deliberate indifference.  In addition, the defendants argue that they are entitled to qualified immunity because the plaintiff did not have a clearly established right to treatment at Danbury Hospital as opposed to John Dempsey

Hospital.  Finally, they contend that to the extent the amended complaint alleges negligence, they are immune from liability under Connecticut General Statute § 4-165(a).

After considering the arguments presented in support of the defendants' motion to dismiss, the Court concludes that the motion should be granted with regard to the claim against defendant Egan but denied with regard to the claim against defendant Byars.

The claim against defendant Egan is governed by the Eighth Amendment standard of deliberate indifference to a serious medical need.  This standard incorporates both an objective and subjective test: an inmate must show that the alleged deprivation was objectively "sufficiently serious," and that the defendant acted with a "sufficiently culpable state of mind."  Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996).  Even assuming the plaintiff's back injury constituted a serious medical need, the allegations of the amended complaint do not support a plausible conclusion that the delay in treatment caused by defendant Egan's decision to have the plaintiff taken to John Dempsey Hospital rather than Danbury Hospital constituted a deprivation of care that was sufficiently serious to support an Eighth Amendment

claim.  See Smith v. Carpenter, 316 F.3d 178, 185-86 (2d
Cir. 2003).  Moreover, the facts alleged in the amended
complaint do not support a plausible conclusion that, in
deciding to have the plaintiff taken to John Dempsey
Hospital, defendant Egan consciously exposed the plaintiff
to a substantial risk of serious harm.  Thus, the
allegations against defendant Egan fail to satisfy either
prong of the Eighth Amendment standard and the claim against
him is properly dismissed.

The allegations against defendant Byars stand on a
different footing.  The amended complaint does not allege
that he caused a delay in treatment due to deliberate
indifference to a serious medical need.  It alleges, rather,
that he ignored the plaintiff's complaints of pain caused by
the manner in which he drove the van.  Wanton and
unnecessary infliction of pain by prison personnel is
actionable under the Eighth Amendment and this claim has not
been adequately briefed by the defendants.  The motion to
dismiss argues that Byars lacked the requisite mental state,
and it well may be that Byars did not know the severity of
the plaintiff's condition as there is no allegation in the
complaint that he was present when the plaintiff fell.

4

However, the motion to dismiss does not squarely address the allegations that defendant Byars continued to drive the van in a reckless manner, despite the plaintiff's complaints that the bumps and jolts were causing him extreme pain, in order to get off work as soon as possible.  Accordingly, the motion to dismiss the claim against defendant Byars is denied.

So ordered this 10th day of June 2013.

<u>/s/RNC</u>

Robert N. Chatigny, U.S.D.J.