```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

DERRICK SPENCER,                :
                                :
    Plaintiff,                  :
                                :
    v.                          :     CASE NO. 3:11CV50(RNC)
                                :
NURSE KENNEY, et al.,           :
                                :
    Defendant.                  :

## RULING ON PLAINTIFF'S MOTIONS

The plaintiff, proceeding pro se and in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. § 1983 against defendant Byars, the sole remaining defendant. Pending before the court are the plaintiff's motions for a certificate of appealability. (Doc. ##36, 37.)

The plaintiff states that he anticipates that the defendant's to-be-filed motion for summary judgment might dispose of his claim, because the plaintiff is proceeding without counsel and lacks legal knowledge. In the pending motions, he seeks a certificate of appealability "in reserve" so he can appeal in the event the defendant's summary judgment motion is granted.

The plaintiff's motions are premature and in any event, not necessary. The defendant has not yet even filed a summary judgment motion. And in any event, a certificate of appealability is not required. "A certificate of appealability is required only in certain types of cases, typically habeas corpus proceedings brought pursuant to 28 U.S.C. §§ 2254 and 2255. See 28 U.S.C. § 2253(c).

A certificate of appealability is not required, however, to appeal a district court order denying relief for claims brought pursuant to 42 U.S.C. § 1983." Johnson v. CCA-Northeast Oh. Corr. Ctr., 21 Fed. App'x 330, 332 (6th Cir. 2001). See Buchanan v. Oklahoma, 398 Fed. App'x 339, 344 (10th Cir. 2010)("A Certificate of appealability is not required in order for state prisoner to appeal dismissal of his § 1983 claims."); Moore v. Pemberton, 110 F.3d 22, 23 (7th Cir. 1997)(a certificate of appealability is not required in § 1983 litigation). However, 19 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Nonetheless, any adjudication to this issue is premature.

    SO ORDERED at Hartford, Connecticut this 3rd day of September, 2013.

                                         _____/s/_____
                                         Donna F. Martinez
                                         United States Magistrate Judge