```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

DERRICK SPENCER,                  :
                                  :
     Plaintiff,                   :
                                  :
     v.                           :    CASE NO. 3:11CV50(RNC)
                                  :
NURSE KENNEY, et al.,             :
                                  :
     Defendant.                   :
```

### RULING ON PLAINTIFF'S MOTION

Pending before the court is the plaintiff's motion (doc. #41) for consent and for leave to file an amended complaint. The motion is denied.

The plaintiff first requests that the defendant agree to have a magistrate judge conduct all proceedings pursuant to 28 U.S.C. § 636(c)(1). To the extent that the plaintiff has a request of the defendant, that request should be directed to the defendant and not to the court.

The plaintiff next seeks to file an amended complaint. A decision to grant or deny a motion to amend is within the sound discretion of the trial court. "[C]onsiderations of undue delay, bad faith, and prejudice to the opposing party [are] touchstones of a district court's discretionary authority to deny leave to amend." Barrows v. Forest Laboratories, 742 F.2d 54, 58 (2d Cir. 1984).

As a preliminary matter, the plaintiff has not submitted a proposed amended complaint. "Common sense dictates that a party requesting leave to file an amended pleading must accompany his

motion with a copy of the proposed amended complaint that complies with the general rules of pleading in Fed. R. Civ. P. 8(a)." Bownes v. City of Gary, Indiana, 112 F.R.D. 424, 425 (N.D. Ind. 1986). Submission of the proposed amended pleading is necessary "so the court and the adverse party will know the precise nature of the pleading changes being proposed." Id. Because the plaintiff has not filed a proposed amended complaint, neither the court nor the opposing party can properly ascertain whether the plaintiff's motion possesses merit.

Moreover, the plaintiff's motion is untimely. This case is more than 3 years old and discovery is closed. The plaintiff has not shown, as he must, good cause to amend his complaint, that is, that he has demonstrated "diligence," and that the amendment would not significantly prejudice the nonmoving party. See Kassner v. 2nd Ave. Deli. Inc., 496 F.3d 229, 244 (2d Cir. 2007); Parker v. Columbia Pictures Industries, 204 F.3d 326, 340 (2d Cir. 2000). See, e.g., McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 201-02 (2d Cir. 2007) (affirming district court's denial of plaintiffs' motion for leave to amend complaint two months after discovery had closed and nearly two years after the filing of the original complaint).

SO ORDERED at Hartford, Connecticut this 13th day of September, 2013.

                                          _____/s/_____
                                          Donna F. Martinez
                                          United States Magistrate Judge