```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

DERRICK SPENCER,                :
                                :
     Plaintiff,                 :
                                :
     v.                         :      CASE NO.  3:11cv50(RNC)
                                :
KENNY, et al.,                  :
                                :
     Defendant.                 :
```

                      RULING ON MOTION TO COMPEL

     The plaintiff, a prisoner proceeding pro se, commenced this Section 1983 action against Correctional Officer Byars.  Pending before the court is plaintiff's motion to compel pursuant to Fed. R. Civ. P. 37.  (Doc. #87.)  Plaintiff seeks an order compelling the defendant to provide responses to plaintiff's July 2013 and August 2015 discovery requests.  He also seeks an award of attorney's fees.  The court heard oral argument on November 5, 2015.  For the reasons that follow, the motion is granted.

I.   Background

A.   July 2013 Requests

     In July 2013, the pro se plaintiff propounded interrogatories and production requests. (Doc. #87, Ex. A.)  The defendant did not respond.  In March 2015, the court appointed counsel. (Doc. #70.)  Beginning in May 2015, plaintiff's attorney contacted defendant several times regarding the outstanding discovery.  (Doc. #87, Ex. B, C, F, G, I.)  On September 3, 2015, defendant agreed to produce responses to certain enumerated production requests. (Doc. #87, Ex. J.)

B.   August 2015 requests

On August 11, 2015, through counsel, plaintiff served additional interrogatories and production requests. (Doc. #87, Ex. L, M.)  Again the defendant did not respond.  One of the requests sought a video of the incident.  Defendant told plaintiff that he would produce the video after the court entered a protective order. (Doc. #87, Ex. D.)  On September 18, 2105, the court granted the parties' joint motion for a protective order.

On September 23, 2015, plaintiff sent defendant an email regarding the outstanding responses. (Doc. #87, Ex. N.)  Plaintiff pointed out that the court had set firm final pretrial and trial deadlines and that "defendant's failure to respond to [plaintiff's] discovery [requests] is prejudicing plaintiff's ability to prosecute this action." (Id. at 2.)  Plaintiff cautioned that if he did not "receive responsive documents, interrogatory responses and the video recordings on or before October 1, 2015, [he would] file a motion to compel." (Id.)  Defendant never responded. (Doc. #83, Zaehringer Aff. ¶32.)  On October 14, 2015, the plaintiff filed the instant motion.

II.  Discussion

Plaintiff asks the court to issue an order (1) compelling defendant to produce the materials agreed to during the September 3, 2015 conference that are responsive to the plaintiff's 2013 discovery requests; (2) declaring that the defendant has waived his

objections; (3) compelling defendant to answer plaintiff's August 2015 interrogatories and requests for production and (4) compelling the production of all video(s) of the incident.  (Doc. #87 at 2.) Plaintiff further requests that the court award attorney's fees incurred in the filing of this motion.

A party must answer or object to interrogatories and production requests within thirty days after bring served. Fed. R. Civ. P. 33(b)(3), 34(b).  Untimely objections are waived unless the party's failure to object is excused by the court for good cause shown. Rule 33(b)(4); Horace Mann c. v. Nationwide Mut. Ins. Co., 238 F.R.D. 536, 538 (D. Conn. 2006)(finding that "a Rule 33(b)(4) type waiver" applies to Rule 34 production requests)(citing cases). "These time limits are mandatory and are important to the speedy resolution of cases." Berube v. Great Atl. & Pac. Tea Co., Inc., No. 3:06cv197(PCD), 2006 WL 3826702, *5 (D. Conn. Nov. 30, 2006).

> The time limits set forth in the Federal Rules of Civil Procedure are not optional. . . . Litigants simply do not have unbridled, unilateral discretion to decide when they will respond to discovery requests. The very notion of such a chaotic system would make it impossible for cases to be resolved in a just, speedy, and inexpensive manner contemplated by Rule 1 of the Federal Rules of Civil Procedure.

Id. (quoting Billups v. West, No. 95 Civ. 1146, 1997 WL 100798, at *2 (S.D.N.Y. Mar. 6, 1997)).

The defendant asserted no objections and therefore has waived all objections.  He does not argue otherwise.  The plaintiff's motion to compel is GRANTED.

Rule 37 provides in pertinent part that if a motion to compel is granted - or if the disclosure or requested discovery is provided after the motion was filed -

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A).  "[A]s Rule 37(a) explicitly states, belated compliance does not insulate a party from sanctions." Underdog Trucking, L.L.C. v. Verizon Services Corp., 273 F.R.D. 372, 379 (S.D.N.Y. 2011).  The court may not award reasonable expenses, however, if the nondisclosure was "substantially justified" or "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).

Neither exception applies here.  Defendant contends that the court should deny the motion because counsel "ha[ve] been working cooperatively"[1] and because "production [is] forthcoming." (Doc. #90 at 1, 3.)  He asserts that "this issue could have simply been resolved with a telephone conversation prior to filing the motion to compel."  (Doc. #90 at 2.)  This argument is belied by the record, which is replete with plaintiff's exhortations for

---

[1] In support, defendant states that he offered to produce the video "in spite of the fact that there was no pending relevant request."  (Doc. #90 at 2.)  However, request 8 of the August 2015 requests for production seeks the production of "all video or audio proceedings of the Plaintiff taken on [the day of the incident]." (Doc. #87, Ex. M.)

4

discovery without court intervention.  Defendant is to be commended for his collegial working relationship with opposing counsel.  However, his noncompliance - particularly in the face of impending trial deadlines - left plaintiff with no choice but to file the instant motion.[2]

Defendant has not met his burden of establishing that his failure to comply with plaintiff's discovery requests was "substantially justified" or that there exist "other circumstances [that would] make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii).  Under these circumstances, the court is constrained to award fees.  Counsel are encouraged to meet and confer in a good faith effort to reach an agreement regarding the fees.  In the event the parties are unable to agree on a reasonable award, plaintiff may file a sworn affidavit with documents in support of the fees sought.

SO ORDERED at Hartford, Connecticut this 10th day of November, 2015.

```
           /s/
     _____
     Donna F. Martinez
     United States Magistrate Judge
```

---

[2]As of the day of oral argument, there remained outstanding discovery.